UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ABUBARKER SHABAZZ-EVANS,<br><br>Defendant. | 3:20-CR-30010-RAL<br><br>OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

Defendant Abubarker Shabazz-Evans pleaded guilty to Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3) and robbery in violation of 18 U.S.C. §§ 1153. Doc. 48. He was sentenced by this Court to 96 months imprisonment. Doc. 60. Shabazz-Evans filed a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2), arguing that his sentence should be reduced to a term of 78 months pursuant to Part A of Amendment 821 to the Sentencing Guidelines. Doc. 64. The Government filed a response, agreeing with Shabazz-Evans that he is eligible for a sentence reduction, but nevertheless opposes such a reduction. Doc. 68. For the reasons explained below, Shabazz-Evans's motion is denied.

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133-RAL, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, § 3582(c)(2) provides an exception to this general rule. Upon a motion by a defendant, a "court may reduce the term of imprisonment" if the defendant was "sentenced to a term of imprisonment

1

based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.

Section 3582(c)(2) sets forth a two-step inquiry for determining whether a defendant is entitled to a sentence reduction. Dillon v. United States, 560 U.S. 817, 826 (2010). First, a court must determine the defendant's eligibility for a reduction. In doing so, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Dillon, 560 U.S. at 827. If a sentence reduction is warranted, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon, 560 U.S. at 821 (quoting § 1B1.10(b)(2)(A)).

Shabazz-Evans moved for sentence reduction under § 3582(c)(2), arguing that he is eligible under Part A to Amendment 821 to the Sentencing Guidelines. In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points

or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, Shabazz-Evans had 8 criminal history points before the addition of 2 "status points." Doc. 56. Having a total criminal history score of 10 with the status points, Shabazz-Evans was in Criminal History Category V. With a combined total offense level of 22, his guideline range under the Sentencing Guidelines was 77 to 96 months, and this Court sentenced him to the top of that range. Applying Part A to Amendment 821, Shabazz-Evans would only receive one "status point." This results in a total criminal history score of 9, placing Shabazz-Evans in Criminal History Category IV. Shabazz-Evans's guideline range now becomes 63 to 78 months. Thus, Shabazz-Evans is eligible for a sentence reduction, which the Government does not dispute.

The Government's opposition is based on the second step of the inquiry—consideration of the § 3553(a) sentencing factors. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a). These factors inform the Court's duty to ensure the sentence imposed is "'sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in

§ 3553(a)[]." Pepper v. United States, 562 U.S. 476, 491 (2011). The Government argues that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against a reduction and that a sentence reduction is unwarranted because Shabazz-Evans already received a benefit by entering into a plea agreement.

This Court first addresses the impact of Shabazz-Evans's plea agreement on a sentence reduction. A district court "can consider the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction)." Hughes v. United States, 585 U.S. 675, 689 (2018). Although the plea agreement at issue here is not a Type–C plea agreement, this Court sees no meaningful difference, at this stage, between a Type–C plea agreement and a Type–B plea agreement where the court adopts the recommended sentence. See United States v. Johnson, 915 F.3d 223, 233–34 (4th Cir. 2019) ("If sentencing courts may consider mandatory plea agreements that were based on subsequently modified guidelines ranges, then courts may surely consider an agreement that merely recommended a sentence to the court."). Thus, it is appropriate for this Court to consider Shabazz-Evans's plea agreement in deciding whether to reduce his sentence.

Shabazz-Evans pleaded guilty to Counts II and III of the Indictment. Doc. 48. Count II charged Shabazz-Evans with Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3), which carries a maximum sentence of 10 years in prison. Count III charged Shabazz-Evans with robbery in violation of 18 U.S.C. §§ 1153 and 2111, which carries a maximum sentence of 15 years in prison. With Shabazz-Evans pleading guilty to Counts II and III, the Government agreed to dismiss Count I which charged Shabazz-Evans with carjacking in violation of 18 U.S.C. § 2119(1). Carjacking carries a maximum sentence of 15 years in prison. The Government also agreed to not prosecute Shabazz-Evans for possession with intent to distribute

4

methamphetamine. Doc. 48. Shabazz-Evans and the Government had very experienced counsel who negotiated a plea agreement with a joint recommendation of 96 months. This Court accepted the plea agreement and joint recommendation and sentenced Shabazz-Evans accordingly.

The 96-month sentence corresponded with the top of Shabazz-Evans's original recommended guideline range. After applying Part A of Amendment 821, his sentence exceeds the top of the amended guideline range, 78 months, by 18 months. Shabazz-Evans fairly suggests that had the amended guidelines been in effect at the time the parties negotiated the plea agreement, the parties might have agreed to a recommended sentence of 78 months, the top of the amended guideline range. However, "there may be circumstances in which the Government makes substantial concessions in entering into a [plea] agreement with a defendant—e.g., by declining to pursue easily proved and weighty sentencing enhancements—such that there is a compelling case that the agreed-upon sentence in the [plea] agreement would not have been affected if the subsequently lowered Guidelines range had been in place at the relevant time." Hughes, 585 U.S. at 694 n.2 (Sotomayor, J., concurring). The Government did make substantial concessions by entering into a plea agreement forgoing charging Shabazz-Evans with possession with intent to distribute methamphetamine and dismissing the carjacking charge. As discussed below, the Government also did not pursue other charges against Shabazz-Evans for criminal conduct around the time of the assault and robbery. Granting Shabazz-Evans a sentence reduction would undermine the benefit of the bargain that he received and for which the Government negotiated.

The 18 U.S.C. § 3553(a) factors do not support a sentence reduction and indeed point to why this Court should not dishonor the benefit of the bargain in the plea agreement. The nature

and circumstances of the offense and other relevant conduct[1] reveal repeated acts of violence with what appear to be guns. Around 3:00 a.m. on September 15, 2019, Shabazz-Evans walked up to Kyle Loudner's parked Chevrolet Silverado truck, pulled him out of the driver's seat, and "pistol whipped" Loudner to the point of fracturing his nasal cavity. Doc. 56 at 4–5. Shabazz-Evans then drove off in Loudner's truck. On January 1, 2020, Shabazz-Evans brandished what appeared to be a pistol at Kevin Wright at a gas station to force Wright to pay to fill up Shabazz-Evan's vehicle. Id. at 5. Twice when Wright hesitated, Shabazz-Evans brandished the weapon and said, "Do you want to die over some gas?" Id. The presentence investigation report also revealed that on July 13, 2019, law enforcement observed a black pistol magazine in a vehicle Shabazz-Evans had exited and seized the magazine finding two 9-millimeter Luger caliber bullets. Id. at 9. Shabazz-Evans was not detained, but police later realized that he had a prior felony and thus was debarred from possessing a gun or ammunition. And as mentioned above, law enforcement had investigated Shabazz-Evans for possessing distributable quantities of methamphetamine. Plus, Shabazz-Evans on September 15, 2019, shot Gavin Drapeau with a BB gun several times after Drapeau yelled at Shabazz-Evans for shooting Drapeau's dog with the BB gun. Id. Carjacking carries an up-to 15-year sentence, a conviction for brandishing a firearm in a crime of violence requires imposition of a sentence of 7 years consecutive to any other sentence imposed, and the criminal exposure for possessing with intent to distribute methamphetamine varies based on the amount. See 18 U.S.C. § 2119; 18 U.S.C. § 924(c); 21 U.S.C. § 841. Shabazz-Evans also could have faced charges for possession of a firearm or ammunition by a prohibited person which at the time carried a maximum sentence of 10 years. 18 U.S.C. § 922(g). The nature and circumstances of the offense and related

---

[1] Under Section 1B1.3 of the United States Sentencing Commission's Guidelines Manual, this Court may consider other relevant conduct, and other criminal conduct also weighs in evaluating a defendant's personal history and characteristics.

conduct simply do not justify a lesser sentence than the 96-month sentence the parties negotiated to jointly recommend.

Shabazz-Evans's personal history and characteristics do not seem to justify some lesser sentence. He graduated high school but appears to have done very little with his life since then. He had been unemployed since being in Denver in 2018, had been abusing drugs, and fathered two children from different women and was not supporting either. Doc. 56 at 14. He had a criminal felony record, though that plays into the guideline range calculation.

When considering the other § 3553(a) factors such as punishment, deterrence, protecting the public and avoiding unwarranted sentencing disparities, this Court remains of the view that a 96-month sentence was reasonable. Thus, based on the plea agreement and § 3553(a) factors, it is

ORDERED that Shabazz-Evans's motion to reduce sentence, Doc. 64, is denied.

DATED this 21st day of November, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

7